UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PASTOR ADEN RUSFELDT,

                                Plaintiff,

     -against-                            22-cv-594 (PKC)

                                                   CORRECTED OPINION
                                                   AND ORDER

CITY OF NEW YORK, NEW YORK; DERMONT
SHEA, in his official capacity as Commissioner of
the City of New York Police Department;
KEECHANT SEWELL, in her official capacity as
Commissioner of the City of New York Police
Department; STEPHEN SPATARO, in his official
capacity as Captain of the City of New York Police
Department; and OFFICERS JOHN DOE 1-10, in
their official capacities as officers of the City of
New York Police Department,

                                Defendants.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Pastor Aden Rusfeldt moves for a preliminary injunction against defendants (collectively, the "City") pursuant to Rule 65, Fed. R. Civ. P. (Doc 17.) Principally, Rusfeldt, a Christian evangelist, seeks to enjoin the City from preventing him from engaging in speech criticizing LGBT+ lifestyles and behaviors on a public sidewalk or street corner along the route of the upcoming 2022 Pride March of June 26, 2022 (the "2022 March"). The City vehemently denies that it has any intent of preventing any protected speech. After the Court's hearing on the preliminary injunction, at the Court's urging the parties engaged in negotiations towards a resolution of issues relating to the 2022 March. On June 16, Rusfeldt's lawyer with the consent of the City advised the Court that the parties had come to terms that are "final." Last

evening, the parties advised that they had been unsuccessful in achieving the written memorialization of the terms previously described as "final." As noted, the 2022 March is scheduled for June 26, 2022 which is this Sunday.

For reasons to be explained, the Court concludes that Rusfeldt has not satisfied his burden on his motion for a preliminary injunction and, accordingly, his motion will be denied.

**PROCEDURAL BACKGROUND**

Rusfeldt filed his motion for a preliminary injunction on March 7, 2022, and the parties' briefing on the motion was completed on May 5, 2022. Shortly after, on May 13, 2022, the parties submitted a joint letter requesting an adjournment of the Initial Pre-Trial Conference in this matter scheduled for May 20, 2022, explaining that "the parties are in active discussions that could potentially resolve Plaintiff's motion for a preliminary injunction without requiring court involvement." (Doc 34.) The Court granted this request in a May 16, 2022 Order. (Doc 35.)

On May 27, 2022, Rusfeldt filed a letter informing the Court that the parties had "reached an impasse in their efforts to resolve Plaintiff's motion for a preliminary injunction," requesting a ruling on the motion for a preliminary injunction. (Doc 36.) On June 10, 2022, the Court held a hearing on plaintiff's motion for preliminary injunction. Each side advised the Court that they would rely on their motion papers and thus would not be calling live witnesses. At the hearing, the defendants did not dispute the plaintiff's right to stand on the sidewalk along the parade route and engage in speech, both oral speech and a written message on a large banner, that was antithetical to the message of the 2022 Pride March. Noting that the parties' positions did not appear to be substantially apart, the Court directed the parties to again explore a joint

resolution of the preliminary injunction issue and advise the Court of the status of negotiations by the close of business on June 14, 2022.

On June 14, 2022, the City, with consent of Rusfeldt's counsel, submitted a letter to the Court requesting a two-day extension of time to advise the Court of a possible resolution of the preliminary injunction, which the Court granted the same day. (Doc 39, 40.)

On June 16, 2022, counsel for Rusfeldt, with consent of defense counsel, reported to the Court that:

> [T]he parties agreed to terms of a stipulated arrangement, consistent with the discussions in the most recent telephone conference, which will vitiate the need to proceed with plaintiff's pending motion for a preliminary injunction.
>
> The terms are *final* but have not been reduced to a formal writing yet. We do believe that we should be able to submit a form of stipulated order for the Court's consideration by early next week.

(Doc 41 (emphasis added).) The parties did not submit a proposed stipulation the following week, and on the evening of Thursday, June 23, 2022, counsel for both parties submitted letters to the Court advising that despite their advice to the Court that the agreed upon terms were "final," negotiations had broken down. (Doc 42, 43.)

**FACTUAL BACKGROUND**

At the 2021 Pride March (the "2021 March"), Rusfeldt, along with three other individuals, stood on a public sidewalk near Washington Square Park along the route of the 2021 March, wearing apparel seemingly critical of feminism (2021 March Video Part 1 at 0:22) and holding a banner on a large metal pole that was positioned towards the 2021 March and read "FAGS AND WHORES BURN IN HELL." (Id. at 2:14.) Shortly after Rusfeldt stated that "[i]t's about to get crazy," (id. at 3:00) Rusfeldt and his group held up signs criticizing LGBT individuals and began to make hostile remarks towards the attendees of the 2021 March, such as

3

telling a young woman who greeted them "[y]ou're going to hell," to which she responded "cool!" as she appeared to skip away.  Soon afterwards, a member of Rusfeldt's group began speaking through a bullhorn addressing the 2021 March attendees as "Sick, sick, sick, disgusting, nasty, sick, disgusting, nasty people parading your sin in front of God. . . . You are going straight to hell."  (Id. at 3:40)  In the ensuing minutes, a crowd began to gather around Rusfeldt and his group and hurl insults back at Rusfeldt and his group, with a few members of the crowd also hurling what appeared to be plastic bottles or cups containing liquids.

Police officers then approached and instructed Rusfeldt and his group to shut down their activities out of public safety concerns, which Rusfeldt and his group refused, instead requesting the officers' supervisor.  (Id. at 16:50.)  In the meantime, the officers positioned themselves between Rusfeldt and the crowd out of safety concerns.  (Id. at 18:11.)  During additional interactions with the police officers, Rusfeldt was told that he could continue to hold up his banner if it was removed from the large metal pole, because "walking around with a big sign like this is a dangerous condition. . . . you can hold the sign, nobody's saying you can't hold the sign."  (2021 March Video Part 3 at 1:30.)  Rusfeldt eventually partially collapsed the metal pole to a shorter length and proceeded to move from the original corner away from the 2021 March, escorted by the police.  But after a series of moving and stopping within a short distance from his original location, Rusfeldt was arrested for disorderly conduct in violation of section 240.20 of the N.Y. Penal Law.  (Id. at 10:12.)

DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.  Grand River Enter. Six Nations, Ltd. V. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted).  "A

party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008). "Where as here, a preliminary injunction 'would stay government action taken in the public interest pursuant to a statutory . . . scheme[,] . . . the less rigorous burden of proof standard envisioned by the phrase 'fair ground for litigation' does not apply, and instead the party seeking injunctive relief must satisfy the more rigorous prong of likelihood of success." Conn. State Police Union v. Rovella, 36 F. 4th 54, 62 (2d Cir. 2022) (quoting Bronx Household of Faith v. Bd. of Educ. of New York, 331 F.3d 342, 349 (2d Cir. 2003). "Additionally, the moving party must show that a preliminary injunction is in the public interest," Oneida Nation of N.Y. v. Cuomo, 645 F.3d 154, 164 (2d Cir. 2011) (citation omitted), and that "the balance of equities tips in his favor," Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Based on the parties' briefs and arguments made at the June 10, 2022 hearing, the Court notes that Rusfeldt's motion for preliminary injunction, like his 42 U.S.C. § 1983 claims forming the basis of this action, is premised on his arrest at the 2021 March, and primarily on the alleged violation of his First Amendment right to freedom of speech.[1]  While the Court recognizes that "[t]he loss of First Amendment freedoms, for even minimal periods of time, normally constitutes irreparable injury," Doninger, 527 F.3d at 47, based on the evidence depicted in the videos of the 2021 March and the parties' positions apparent from their briefing,

---

[1] Rusfeldt also alleges violations of his rights under the Fourth Amendment against false arrest, Due Process rights under the Fifth Amendment, and Equal Protection rights under the Fourteenth Amendment, which as the Court understands, all have as their premise that Rusfeldt's First Amendment right to free speech was violated.

oral argument and negotiations to resolve the preliminary injunction motion, the Court concludes that Rusfeldt has failed to show a likelihood of irreparable harm.

Rusfeldt's sole argument for meeting the requisite of irreparable harm is his anticipated deprivation of "his First Amendment right to freedom of speech."  (Rusfeldt Br. at 30.)  From the evidence and the post-hearing submissions of the parties, the Court concludes that Rusfeldt has not made the requisite showing that the City is likely to violate his First Amendment right to free speech at the upcoming 2022 March.  As a starting point, it appears to the Court that the parties agree on several types of protected speech Rusfeldt plans to engage in: they agree that Rusfeldt should be free to wear the same or similar clothes from the 2021 March, that he should be able to display the same or similar sign from the 2021 March but with poles made of hollow cardboard wrapping paper tube—presumably out of the safety concerns reiterated by officers in the videos of the 2021 March—and that Rusfeldt could express the same or similar message as he did during the 2021 March.  (Doc 42, 43.)  And although Rusfeldt takes issue with the City's proposal, the City, as recently as this week, responded to Rusfeldt's proposal that "so long as Rusfeldt/his group do not engage in constitutionally unprotected speech, neither the content of Rusfeldt/his group's speech nor the crowd's reaction to Rusfeldt and his group will be the basis of a dispersal order to or arrest of Rusfeldt/his group," by specifically proposing that unprotected speech like "fighting words" may be cause for removal or arrest.  (Doc 42 at 2.)  Furthermore, the City has "indicated that . . . plaintiff, like anyone else, was free to . . . engage in protected 1st Amendment Speech."  (Doc 43 at 1.)

Thus, there is no present dispute that the City's intention is to issue no dispersal order or make any arrest based upon the content of Rusfeldt's protected speech or the hostile reaction of the crowd.  But the City points out that there is, at least the potentiality, that some

speech could be beyond the scope of constitutional protection and it ought not be constrained from enforcing any applicable laws in that circumstance.  For example, fighting words, see Mahanoy Area Sch. Dist. V. B.L. by and through Levy, 141 S. Ct. 2038, 2046 (2021) (citing Chaplinsky v. New Hampshire, 315 U.S. 568 (1942), and speech directed to inciting or producing imminent lawless action and likely to produce such action, see Brandenburg v. Ohio, 395 U.S. 444, 447 (1969), are not constitutionally protected.

Because Rusfeldt has failed to show that the City will likely engage in any action that violates his protected rights, he cannot demonstrate a likelihood of irreparable harm.  It is unnecessary for the Court to delve deeper into his likelihood of success on the merits or address the public interest and the balance of equities prongs.  Rusfeldt's motion for a preliminary injunction will be denied.

CONCLUSION

After consideration of all the arguments of the parties, including those not expressly referenced, Rusfeldt's motion for a preliminary injunction is DENIED.  The Clerk is respectfully directed to terminate the motion (Doc 17).

SO ORDERED.

                                                  P. Kevin Castel
                                               United States District Judge

Dated: New York, New York
       June 24, 2022