

**CENTER FOR AMERICAN LIBERTY**

January 28, 2025

**VIA ECF**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
Courtroom 11D
500 Pearl Street
New York, NY 10007-1312

Re: Pre-Motion Letter for Adjournment of Pre-Trial Conference and Pre-Trial Deadlines and to Commence Stage 2 Discovery
*Rusfeldt v. City of New York, New York, et al.*, Case No. 22-cv-00594-PKC

Dear Judge Castel,

I am writing on behalf of Plaintiff Pastor Aden Rusfeldt ("Pastor Aden") regarding Pastor Aden's forthcoming motion for Adjournment of Pre-Trial Conference and Pre-Trail Deadlines and to Commence Stage 2 Discovery. The next Case Management Conference is scheduled for April 15, 2025 at 11 a.m.

To understand Plaintiff's request, a short explanation of the procedural history of this case is necessary. As the Court is aware, Pastor Aden alleges that Defendants—the City of New York and NYPD Assistant Chief Stephen Hughes—violated his constitutional rights under 42 U.S.C. § 1983 by taking law enforcement action against him in contravention of the heckler's veto doctrine. As for Pastor Aden's claim against the City, he alleged the City was liable, in part, because of its constitutionally deficient policies governing First Amendment activity. First Am. Compl. ¶¶ 49–60, 72.

In discovery, Pastor Aden sought, among other things, information regarding the NYPD's policies. *See* Plaintiff's Letter Motion (ECF 57) at 2–5. Defendants objected to these requests on the ground that they were premature because Pastor Aden had not established a genuine issue of fact as to whether his constitutional rights were violated. *Id.* The parties ultimately agreed to conduct discovery in stages, with Stage 1 discovery being limited to non-*Monell* issues—including whether Pastor Aden's rights were violated—to be followed by Stage 2 discovery on *Monell*. As Defendants stated, if, after motions practice at the end of Stage 1 discovery, the Court concluded that "a constitutional violation did or may have occurred, then the case would proceed to . . . *Monell*" discovery. Defendants' Response to Plaintiff's Letter Motion (ECF 58) at 2. In other words, Defendants—like Pastor Aden—understood that Stage 2 discovery would follow if Pastor Aden survived summary judgment at the conclusion of Stage 1.

**CENTER FOR AMERICAN LIBERTY**
1311 S. MAIN STREET, SUITE 207 | MT. AIRY, MD 21771 | (703) 687-6200
JDIXON@LIBERTYCENTER.ORG | WWW.LIBERTYCENTER.ORG

---

**Handwritten annotations by the Court:**

Application DENIED. It is settled that a plaintiff may not prevail on a *Monell* claim unless an underlying constitutional (or federal law) violation occurred. See *City of Los Angeles v. Heller*, 475 US 796 (1986).

The Court has discretion in phasing discovery and ordering a separate trial of an issue. Rule 16(c)(2), Fed. R. Civ. P.

The Court has considered the arguments presented by plaintiff and adheres to its intention to proceed with a trial on the underlying constitutional violation before proceeding with *Monell* discovery.

SO ORDERED
[signature]
USDJ
1-29-25

Case 1:22-cv-00594-PKC    Document 122    Filed 01/28/25    Page 2 of 4



On December 7, 2022, consistent with the parties' agreement, the Court entered an Order directing that discovery take place in stages. ECF 67 (the "Staged Discovery Order"). Under the Staged Discovery Order, Stage 1 discovery was limited to non-*Monell* issues, including the question of "whether any constitutional right of [Pastor Aden] . . . was violated by any defendant." *Id.* at 1. The Staged Discovery Order precluded Pastor Aden from engaging in discovery regarding his "allegations that the actions taken by any defendant were pursuant to any policies, practices, procedures, and or customs created, adopted, and enforced under color of state law by any defendant," the discovery of which was reserved for Stage 2. *Id.*

Importantly, and consistent with the parties' agreement, the Stage Discovery Order did not *bifurcate* the case; rather, the Court ordered only that discovery take place *in stages*. As this Court has held, whereas bifurcation separates the issues for all purposes, the purpose of staged discovery is to allow the Court to "take account of the likely strength of the underlying claims and then determine whether to allow discovery to proceed on the second-stage *Monell* claim." *Alli v. Steward-Bowden,* 2013 WL 5229995 (S.D.N.Y. Sept. 17, 2013).

After the Court entered the Staged Discovery Order, the parties conducted and completed discovery on the issues limited to Stage 1—*i.e.*, non-*Monell* issues. After the close of Stage 1 discovery, the parties filed cross motions for summary judgment on the Stage 1 question of whether Defendants violated Pastor Aden's constitutional rights. The Court denied Pastor Aden's motion and partially granted / partially denied Defendants' motion, concluding that there was a genuine issue of material fact on whether Defendants violated Plaintiff's First Amendment, Fourth Amendment, and Fourteenth Amendment rights. ECF 117.

The Court has now entered a minute order directing the parties to submit various pre-trial filings, setting a pre-trial conference for April 15, 2025, and continuing the stay on Stage 2 discovery. ECF 121. While the Court's minute order did not specifically state that the contemplated trial was limited to Stage 1 issues—namely, whether Defendants violated Pastor Aden's constitutional rights—Pastor Aden presumes that the Court intended for the trial to be limited to that question. Obviously, a trial on *Monell* issues would be premature considering the Staged Discovery Order precluded Pastor Aden from taking *Monell* discovery.

But even assuming the trial is limited to the question of whether Defendants violated Pastor Aden's constitutional rights, such a trial is premature and would prejudice Pastor Aden. As an initial matter, as the discussion of the procedural history of this case makes clear, the parties never intended for there to be a trial on Stage 1 before discovery on Stage 2 occurred. Moreover, as Pastor Aden learned during Stage 1 discovery, the NYPD's policies regarding First Amendment activity are seriously deficient. Specifically, the NYPD does not have a policy that applies in a heckler's veto situation—that is, where a hostile crowd is trying to silence a speaker through violence or threats of violence. Rather, according to Assistant Chief Hughes' deposition testimony, the NYPD treats a heckler's veto situation like any other protest situation. *See* Pl.'s Mem. Supp. Mot. Summ. J (ECF 99) at 3–4, 11. This results in the under-protection of speech in a heckler's

**CENTER FOR AMERICAN LIBERTY**
1311 S. MAIN STREET, SUITE 207 | MT. AIRY, MD 21771 | (703) 687-6200
JDIXON@LIBERTYCENTER.ORG | WWW.LIBERTYCENTER.ORG



veto situation, such as Pastor Aden's. *Id.* While it might be constitutionally permissible for the NYPD to take law-enforcement action against speaker when *others in his group* are engaging in criminal acts, it is not permissible for the NYPD to take law-enforcement action against a speaker when those who *oppose his speech* are engaging in criminal acts.

This deficiency in the NYPD's policies is relevant to the question of whether Defendants violated Pastor Aden's rights. Obviously, the fact that the NYPD's policies countenance a heckler's veto makes it more likely that Defendants' effected a heckler's veto against Pastor Aden. And because Pastor Aden has not been able to obtain copies of these policies through discovery—much less the City's Rule 30(b)(6) testimony about these policies—he would be prejudiced by being forced to go to trial even on the limited question of whether Defendants violated his constitutional rights without the benefit of Stage 2 discovery. *See, e.g., Lopez v. N.Y.C.*, No. 20-CV-2502 (LJL), 2021 WL 2739058, at *2 (S.D.N.Y. July 1, 2021) (denying motion to bifurcate § 1983 case between constitutional violation and municipal liability because "there is no reason that Plaintiff should not have the opportunity that all litigants before this Court ordinarily have—to use the means provided by the Federal Rules to try to prove his claim" at trial.).

Pastor Aden was content to proceed to summary judgment on the Stage 1 issue of whether Defendants violated his constitutional rights without the benefit of Stage 2 discovery because he believed he had established a constitutional violation as a matter of law. But now that his burden is to persuade the jury that a constitutional violation occurred, he is not willing to waive this important fact in his favor at trial.

For these reasons, Pastor Aden respectfully requests that the court adjourn all pre-trial deadlines, adjourn the pre-trial conference, and authorize the parties to begin Stage 2 discovery.[1] In light of the looming pre-trial deadlines and conference, Pastor Aden respectfully requests that the Court schedule briefing on this Motion, if the Court concludes such briefing is necessary, as soon as practicable.

I have communicated regarding this request with Defendants' counsel, who has authorized me to state that he does not consent.

---

[1] Though Defendants previously sought leave from court-ordered mediation, ECF 79, in lieu of Stage 2 discovery, Pastor Aden remains willing to engage in mediation to resolve this dispute without the need for further litigation.

3



Thank you for your attention to this matter.

Sincerely,

Josh Dixon
*Director of Litigation*
Center for American Liberty

4