**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PASTOR ADEN RUSFELDT, | Case No.: 22-CV-594 (PKC) |
| *Plaintiff*, | |
| vs. | |
| CITY OF NEW YORK, NEW YORK and STEPHEN HUGHES, in his Individual and Official Capacity as Assistant Chief of the City of New York Police Department, | **PLAINTIFF'S PROPOSED JURY CHARGES** |
| *Defendants*. | |

Pursuant to the Court's Minute Order of December 27, 2024 (the "Order"), Plaintiff Aden Rusfeldt ("Pastor Aden") respectfully submits the following Proposed Jury Charges.

Pastor Aden interprets the Order to mean that he is to submit only those specific jury charges that fall outside the standard jury charges given in every case. These standard charges include but are not limited to charges regarding the Duty of the Jury, What is Evidence, Direct and Circumstantial Evidence, Credibility of Witnesses, Ruling on Objections, *etc.* If Pastor Aden has misunderstood the Order in this regard, he respectfully requests leave to submit a full set of proposed charges.

## JUDICIAL NON-BIAS[1]

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for Pastor Aden or Defendants in arriving at your verdict. You have heard evidence regarding the content of Pastor Aden's sign and speech and the speech of those with whom he was gathered. Even if you strongly agree or disagree with Pastor Aden's sign and speech and the speech of those with whom he was gathered, you must not allow those feelings to prejudice your consideration of this case one way or the other. You must carefully and impartially consider all the evidence in the case, follow the law as stated by me, and reach a decision regardless of the consequences.

---

[1] Adapted from 5th Circuit Model Jury Charge 3.1.

## **LAW-ENFORCEMENT OFFICER TESTIMONY**[2]

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

---

[2] 5th Circuit Model Jury Charge 2.15.

**POLICE OFFICER WITNESS - BIAS**

Police officers testified at the trial. At the time of the incident involved in this case they were, and may still be, employees of the City of New York. The fact that these witnesses were, or may still be, employed by the City of New York may be considered by you in determining whether his or her testimony was in any way influenced by his or her employment relationship with the City of New York.

## <u>USE OF REQUESTS FOR ADMISSION</u>[3]

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. Specifically, Defendants admitted that Pastor Aden's speech was protected by the First Amendment to the United States Constitution. This admission was given in writing before the trial in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

---

[3] Adapted from 9th Circuit Model Jury Charge 2.12.

## **BURDEN OF PROOF**[4]

When a party has the burden of proving a fact by a preponderance of the evidence, it means you must be persuaded by the evidence that the fact is more probably true than not true.

You should base your decision on all the evidence, regardless of which party presented it.

---

[4] 9th Circuit Model Jury Charge 1.6.

## SECTION 1983 CLAIMS[5]

Pastor Aden is suing under Section 1983, a civil rights law passed by Congress to protect people who have been deprived of their federal constitutional rights under color of state law. Pastor Aden has two Section 1983 claims: (1) violation of his right to freedom of speech under the First Amendment to the United States Constitution; and (2) violation of his right to be free from unreasonable arrest under the Fourth Amendment to the United States Constitution.

Shortly, I will instruct you on the elements of Pastor Aden's two Section 1983 claims. You must consider his claims separately. In other words, he can prevail on both claims, one claim but not the other, or neither claim. For each claim, unless I instruct you otherwise, Pastor Aden has the burden of proving every element by a preponderance of the evidence.

---

[5] Adapted from 9th Circuit Model Jury Charge 9.1.

## **BIFURCATED ACTION**

While Section 1983 allows individuals to recover damages, this trial does not involve damages. Rather, the only question in this trial is whether Defendants violated Pastor Aden's constitutional rights. If you find that Defendants' actions violated Pastor Aden's constitutional rights, there will be further proceedings, involving a different jury, to determine whether Pastor Aden is entitled to damages and, if so, how much.

## **TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**[6]

There are two Defendants in this case—Defendant Stephen Hughes and Defendant the City of New York. Under Section 1983, individuals, like Defendant Hughes, can be responsible for violating others' constitutional rights. In addition, cities, like the City of New York, can also be responsible for violating others' constitutional rights. A city, however, can only act through its employees, agents, directors, or officers. For purposes of this proceeding, I instruct you that the City of New York is legally responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

I further instruct you that all City of New York Police Department police officers in this case—including but not limited to Defendant Hughes—are employees of the City of New York and that all their actions were undertaken within the scope of their authority as employees of the City of New York. Thus, the City of New York is legally responsible for those actions.

In addition, Defendant Hughes is also responsible for his own actions.

You should decide the case as to each defendant separately. Unless I state otherwise, all instructions apply to all parties.

---

[6] Adapted from 9th Circuit Model Jury Charge 1.8, 4.2.

## <u>ELEMENTS OF SECTION 1983 CLAIM</u>[7]

To prevail on a Section 1983 claim, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    the defendant acted under color of state law;

2.    the defendant's act deprived the plaintiff of rights under the United States Constitution as explained in later instructions.

---

[7] Adapted from 9th Circuit Model Jury Charge 9.3.

**<u>FIRST ELEMENT – ACTION UNDER COLOR OF STATE LAW</u>**[8]

The first element of Pastor Aden's claim is that Defendants acted under color of state law. This means that Defendant were using powers they possessed by virtue of state law.

Because Defendants are the City of New York and Defendant Hughes, an individual who was an employee of the City of New York Police Department at the time of the acts in question, Defendants were acting under color of state law. In other words, the first element of the plaintiff's claim is not in dispute, and I instruct you that you must find it is established.

---

[8] Adapted from 9th Circuit Model Jury Charge 9.3.

**SECOND ELEMENT – DEPRIVATION OF A CONSTITUTIONAL RIGHT**[9]

The second element of Pastor Aden's claim is that Defendants—either alone or jointly—deprived him of a federal right.

A police officer need not have been the sole party responsible for a constitutional violation to be responsible for the deprivation. Instead, a police officer may be responsible for the deprivation if the officer has some fundamental involvement in the conduct that caused the deprivation. A police officer can be responsible for the deprivation where he is just one participant in a sequence of events that gives rise to a constitutional violation.[10]

Pastor Aden claims that Defendants deprived him of his federal rights under: (1) the First Amendment to the United States Constitution and (2) the Fourth Amendment to the United States Constitution. I will now instruct you on the elements of claims under the First and Fourth Amendments.

---

[9] Adapted from 9th Circuit Model Charge 9.3.
[10] *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019).

## <u>CLAIM ONE - FIRST AMENDMENT</u>[11]

The First Amendment to the United States Constitution protects individuals' right to the freedom of speech. In this case, Pastor Aden alleges that Defendants deprived him of his First Amendment rights because Defendants took law-enforcement action against *him* based on *others'* reaction to his speech.[12] This theory is known as a "heckler's veto."[13]

For Pastor Aden to prove Defendants deprived him of his right to free speech under a "heckler's veto" theory, he must establish the following elements by a preponderance of the evidence:

1.      he was engaged in activity protected by the First Amendment;

2.      he was engaged in such activity in a place where he was permitted to do so;

3.      other people not associated with the plaintiff engaged in activity in reaction to the plaintiff's First Amendment activity;

4.      the activity of these other people was a motivating factor in defendants' law-enforcement actions.[14]

In this case, there is no dispute that these elements are satisfied. Accordingly, I instruct you that Pastor Aden has satisfied his burden of proof on his heckler's veto claim.

Because Pastor Aden has established each of the foregoing elements, the burden shifts to Defendants to prove by a preponderance of the evidence that they would have taken the same law-enforcement action(s) against Pastor Aden even if others had not reacted to Pastor Aden's protected activity.

---

[11] Adapted from 9th Circuit Model Jury Instruction 9.11.
[12] *Bible Believers v. Wayne Cnty.*, 805 F.3d 228, 248 (6th Cir. 2015) (*en banc*) (holding heckler's veto arises when government is involved in "[p]unishing, removing, or by other means silencing a speaker due to crowd hostility").
[13] *Brown v. State of Louisiana*, 383 U.S. 131, 133 n.1 (1966) (citations omitted); *see also Melzer v. Bd. of Educ. of City Sch. Dist. of N.Y.C.*, 336 F.3d 185, 199 (2d Cir. 2003) (noting that "allowing the public, with the government's help, to shout down unpopular ideas that stir anger is generally not permitted").
[14] *Bible Believers v. Wayne Cnty.*, 805 F.3d 228, 247 (6th Cir. 2015) (*en banc*).

In this case, there is no dispute that Defendants would not have taken the same law-enforcement actions against Pastor Aden if others had not reacted to his protected activity. Thus, I instruct you that you must find in favor of Pastor Aden on his heckler's veto claim.

## SECOND CLAIM - FOURTH AMENDMENT[15]

The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable seizures by the police. A law enforcement official may only seize a person if there is appropriate justification to do so. Under the law, an arrest constitutes a seizure for purposes of the Fourth Amendment.

In this case, Pastor Aden claims that Defendants subjected him to an unreasonable seizure by arresting him in violation of the Fourth Amendment.   The elements of a claim for unreasonable seizure are as follows:

1.      Defendants intended to and did confine Pastor Aden.

2.      Pastor Aden was conscious of the confinement.

3.      Pastor Aden did not consent to the confinement.

Unlike Pastor Aden's First Amendment clam—which challenges all law-enforcement action taken against him—his Fourth Amendment claim applies only to his arrest.

In this case, there is no dispute that these elements are satisfied. Accordingly, I instruct you that Mr. Rusfeldt has satisfied his burden of proof on his on his Fourth Amendment claim.

Because Pastor Aden has established all the elements of his Fourth Amendment claim, the burden shifts to Defendants to prove by a preponderance of the evidence that Mr. Rusfeldt's arrest was supported by probable cause.[16]

.

---

[15] Adapted from 9th Circuit Model Jury Instruction 9.20.
[16] *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 393 (E.D.N.Y. 2013).

## PROBABLE CAUSE[17]

Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.[18] Probable cause requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt.[19]

In evaluating whether probable cause existed, you must not evaluate the facts as they are now known. Rather, you must consider whether the facts and circumstances available to Defendants *at the time* would warrant a prudent officer in believing that Pastor Aden had committed or was committing a criminal offense.[20]

Whether Defendants had good or bad motivations in conducting the arrest are irrelevant to the question of whether probable cause existed. If you find that Defendants wanted to punish Pastor Aden, that does not make the existence of probable cause less likely. Similarly, if you find that Defendants were acting in good faith, that does not make the existence of probable cause more likely. The only question is whether the facts available to Defendants at the time of the arrest gave rise to probable cause.

Here, Defendants contend probable cause existed under three penal statutes: (1) New York Penal Law § 240.20(7); (2) New York Penal Law § 240.20(6); and (3) New York Penal Law § 195.05. I will now instruct you regarding the elements of these offenses.

---

[17] Adapted from 3rd Circuit Model Jury Instruction 4.12.2.
[18] *Finigan v. Marshall*, 574 F.3d 57, 61 (2d Cir. 2009).
[19] *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007).
[20] *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

## SECTION 240.20(7)

Section 240.20(7) prohibits the creation of certain hazardous conditions. Section 240.20(7) has three elements: (1) an individual created a hazardous condition; (2) by an act that serves no legitimate purpose; (3) with the intent to cause public inconvenience, annoyance, or alarm or was reckless to the risk of public inconvenience, annoyance, or alarm.

The following terms used in these elements have a special meaning:

A person has the "intent" to cause public inconvenience, annoyance, or alarm when he has the conscious objective or purpose to do so.[21]

A person is "reckless" to the risk of public inconvenience, annoyance or alarm when that person performs an act in conscious disregard of a substantial and unjustifiable risk to public order posed by his actions.[22] A person who is merely negligent does not act either intentionally or with recklessness.

Defendants contend probable cause existed to arrest Pastor Aden under Section 240.20(7) for two reasons. First, Defendants contend that the crowd that gathered around Pastor Aden was blocking traffic and endangering Pastor Aden and his group. Second, Defendants contend that the pole Pastor Aden used to hoist his sign became a hazardous condition once the crowd gathered around him and his group.

I instruct you that engaging in activity protected by the First Amendment serves a "legitimate purpose" for purposes of Section 240.20(7). I also instruct you that the facts available to Defendants at the time reasonably put them on notice of the fact that Pastor Aden was engaged in activity protected by the First Amendment. Thus, you may not find that Defendants had probable cause to arrest Pastor Aden under Section 240.20(7).

---

[21] *Diggs v. Artus*, No. 10-CV-1233 CBA, 2013 WL 837271, at *12 (E.D.N.Y. Mar. 5, 2013)
[22] *Gayle v. Sessions*, 719 F. App'x 68, 70 (2d Cir. 2018)

I instruct you that an individual may not be held responsible for the acts of others protesting his constitutionally protected speech.[23] I also instruct you that the facts available to Defendants at the time put them on notice Pastor Aden was engaged in activity protected by the First Amendment, that the crowd that gathered around him did so based on that activity, and that any hazardous condition was therefore due to the acts of others. Thus, you may not find that Defendants had probable cause to arrest Pastor Aden under Section 240.20(7).

---

[23] *See Brown*, 383 U.S. at 142 (reversing convictions under statute that was "applied solely to terminate the reasonable, orderly, and limited exercise of the right to protest"); *Provost v. City of Newburgh*, 262 F.3d 146, 159 (2d Cir. 2001) (noting that constitutionally protected activity cannot be "the basis for a valid arrest"); *Ctr. For Bio-Ethical Reform*, 533 F.3d at 787–88 ("If the statute, as read by the police officers on the scene, would allow or disallow speech depending on the reaction of the audience, then [it] would run afoul of . . . the 'heckler's veto'" doctrine).

## **SECTION 240.20(6)**

Section 240.20(6) prohibits individuals from failing to heed certain orders of the police to disperse. Section 240.20(6) has four elements: (1) an individual congregated with other persons in a public place; (2) the individual was given a lawful order of the police to disperse; (3) the individual refused to comply with that order; and (4) the individual acted with the intent to cause public inconvenience, annoyance, or alarm or was reckless to the risk of public inconvenience, annoyance, or alarm.[24]

The following terms used in these elements have a special meaning:

The terms "intent" and "reckless" have the same meaning as in Section 240.20(7).

For a directive of the police to be an "order to disperse" for purposes of Section 240.20(6), it is not enough that the police direct a group of people to leave the area as a group.[25] Instead, the order must direct persons to separate from one another and go separate ways.[26]

I instruct you that the orders of the police here were directives for Pastor Aden and his companions to leave the area as a group. Thus, I instruct you that you those orders were not "order[s] to disperse."

For a directive of the police to be a "lawful" order as required by Section 240.20(6), the order may not be based on the individual's exercise of his constitutionally protected rights. In other words, as with Section 240.20(7), individuals cannot be held responsible under Section 240.20(6) when the "order to disperse" is based on the acts of others protesting his

---

[24] *United States v. Nelson,* 10-CR-414 (PKC), 2011 WL 1327332, at *3 (S.D.N.Y. Mar. 31, 2011), *affirmed*, 500 F. App'x 90 (2d Cir. 2012) (summary order).
[25] *Gogol v. City of New York*, No. 15-5703, 2017 WL 3449352, at * 7 (S.D.N.Y. Aug. 10, 2017) (holding that a "dispersal order is not given when an individual is merely ordered to leave an area because an order to disperse is 'to separate, go different ways").
[26] *Id.*

constitutionally protected speech.[27] I also instruct you that the facts available to Defendants at the time reasonably put them on notice of the fact Pastor Aden was engaged in activity protected by the First Amendment, that the crowd had gathered around him based on his constitutionally protected activity, and that directive from the police was therefore based on the acts of others. Thus, I instruct you that you may not find that Defendants had probable cause to arrest Pastor Aden under Section 240.20(6).

---

[27] *See Brown*, 383 U.S. at 142 (reversing convictions under statute that was "applied solely to terminate the reasonable, orderly, and limited exercise of the right to protest"); *Provost*, 262 F.3d at 159 (noting that constitutionally protected activity cannot be "the basis for a valid arrest"); *Ctr. For Bio-Ethical Reform*, 533 F.3d at 787–88 ("If the statute, as read by the police officers on the scene, would allow or disallow speech depending on the reaction of the audience, then [it] would run afoul of . . . the 'heckler's veto'" doctrine).

## SECTION 195.05

Section 195.05 prohibits obstructing governmental administration. Section 195.05 has four elements: (1) intentional prevention or attempt to prevent (2) a public servant from performing (3) an official function (4) by means of intimidation, force or interference.[28]

The term "intent" has the same meaning as Sections 240.20(7) and 240.20(6).[29] Further, similar to Section 240.20(6), an individual violates Section 195.05 where he refuses to comply with a lawful order of a police office.

As with Section 240.20(6), Section 195.05 requires that the police give a "lawful" order.[30] Accordingly, the question of whether probable cause existed under Section 195.05 is the same as under Section 240.20(6). I instruct you that because Defendants did not have probable cause under Section 240.20(6), they did not have probable cause under Section 195.05 either.

---

[28] *Cameron v. City of New York*, 598 F.3d 50, 68 (2d Cir. 2010).
[29] *Mediavilla v. City of New York*, 259 F. Supp. 3d 82, 98 (S.D.N.Y. 2016)
[30] *Kass v. City of New York*, 864 F.3d 200, 207 (2d Cir. 2017).

Dated: February 7, 2025                     Respectfully submitted,

                                            */s/ Josh Dixon*
                                            Josh Dixon (*Pro Hac Vice*)
                                            Eric A. Sell (*Pro Hac Vice*)
                                            CENTER FOR AMERICAN LIBERTY
                                            1311 Main Street, Suite 207
                                            Mount Airy, MD 21770
                                            jdixon@libertycenter.org
                                            esell@libertycenter.org

                                            Ronald D. Coleman
                                            COLEMAN LAW FIRM, PC
                                            50 Park Place, Suite 1105
                                            Newark, NJ 07102
                                            (973) 264-9611

                                            *Counsel for Plaintiff Pastor Aden Rusfeldt*