UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PASTOR ADEN RUSFELDT,

                        Plaintiff,                           22-cv-0594 (PKC)

       -against-                                   <u>ORDER</u>


CITY OF NEW YORK, NEW YORK; and
STEPHEN HUGHES, in his Individual and
Official Capacity as Assistant Chief of the City
of New York Police Department,

                        Defendants.

------------------------------------------------------------x

CASTEL, U.S.D.J.:

In this Order the Court sets a trial date of June 16, 2025, for the first phase of this action, for which a Final Pre-Trial Conference was set three months ago for April 15, 2024.  The instant Order is occasioned in part by plaintiff's recent—and second—application to stay the trial until all discovery is complete on his <u>Monell</u> claim against the City of New York ("City"), presumably to be followed by a renewed round of summary judgment motions and, if the <u>Monell</u> claim survives, the filing of revised Final Pre-Trial submissions and then a joint trial against defendant Steven Hughes and the City.  The application will be denied.

Plaintiff was arrested by officers of the New York City Police Department ("NYPD") on June 27, 2021.  In an Opinion and Order on cross-motions for summary judgment, the Court concluded, among other rulings, that there was a material issue of fact on whether there was probable cause for plaintiff's arrest.  (ECF 117 at 19-25.)  If at trial plaintiff establishes that his arrest by an officer of the NYPD was without probable cause, then the Court expects to allow

discovery on the issue of whether the unlawful arrest was pursuant to a pattern, practice, custom, or usage of the municipal defendant.

Discovery in this action commenced on June 10, 2022, with an initial date for the conclusion of fact discovery of October 3, 2022.  (ECF 38.)  The Court extended the fact discovery date to December 16, 2022 (ECF 54).  On December 7, 2022, the Court bifurcated discovery limiting discovery to "whether any constitutional right of plaintiff under the First, Fourth and Fourteenth Amendments was violated by any defendant in connection with the actions occurring at or near the June 27, 2021 Pride Festival and any damages plaintiff suffered as a result thereof; this first phase includes all issues raised in the Complaint except plaintiff's allegation that the actions taken by any defendant were pursuant to any policies, practices, procedures, and/or customs created, adopted, and enforced under color of state law by any defendant."  (ECF 67.)  The Court extended the date for fact discovery on this first phase until March 31, 2023.  (ECF 67.)  On March 20, 2023, plaintiff filed an Amended Complaint.  (ECF 83.)  The Court, at the joint request of the parties, further extended the date for completion of first phase discovery to June 30, 2023 (Minute Entry of March 2, 2023) and finally to August 31, 2023.  (ECF 90.)

The Court set briefing on the parties' cross motions for summary judgment.  In a 32-page Opinion and Order, the Court granted in part and denied in part the defendants' motion for judgment and denied the plaintiff's motion for summary judgment.  (ECF 117.)

The Court then set a schedule for final pre-trial submissions on the trial of the first phase of this action, continuing the stay on Monell discovery.  (ECF 121.)  A month after the Court set the schedule, plaintiff filed a letter motion urging the Court to delay a trial of the first

phase and to lift the stay on <u>Monell</u> discovery.  (ECF 122.)  In an Order of January 29, 2025, the

Court denied plaintiff's application for the following reasons:

> "It is settled that a plaintiff may not prevail on a <u>Monell</u> claim unless an
> underlying constitutional (or federal law) violation occurred.  <u>See City of Los
> Angeles v. Heller</u>, 475 US 796 (1986).  The Court has discretion in phasing
> discovery and ordering a separate trial of an issue.  Rule 16(c)(2), Fed. R. Civ. P.
> The Court has considered the arguments presented by Plaintiff and adheres to its
> intention to proceed with a trial on the underlying constitutional violation before
> proceeding with <u>Monell</u> discovery."

(ECF 123.)

Thereafter, plaintiff submitted proposed voir dire, proposed jury instructions,

proposed verdict sheet, a motion <u>in limine</u> and a pre-trial memorandum (ECF 124-128), all in

accordance with the Court's ruling that it would proceed with a first phase trial.

Recently, on March 21, 2025, plaintiff filed a letter motion (ECF 139) rearguing

the Court's Orders of December 27, 2024, and January 25, 2025.  The letter is both untimely and

substantively off the mark in describing the import of <u>City of Los Angeles v. Heller</u>, 475 U.S.

796 (1986) and failing to address the authority of the Court to bifurcate a trial.  Bifurcation will

expedite this now three year-old action and economize judicial resources and those of the parties

because the first phase trial may eliminate the need for the second phase trial and avoid prejudice

to defendant Steven Hughes because evidence that may be admissible in the <u>Monell</u> phase would

likely not be admissible against Hughes in a first phase trial.  <u>See</u> <u>Amato v. City of Saratoga

Springs</u>, 170 F. 3d 311 (2d Cir. 1999) (finding no abuse of discretion in bifurcating trial of

<u>Monell</u> claim against a municipality from claims against individual officers where bifurcation

may eliminate the need to try the <u>Monell</u> claim and would avoid prejudice to the officers from evidence otherwise not admissible against them.)[1].

The Court has reviewed the parties' proposed Joint Pretrial Order and notes that plaintiff is operating under the erroneous assumption that damages resulting from a proven constitutional violation by defendant Hughes is not part of the trial of the first phase of this action. If the jury finds liability against Hughes, it will be asked to decide damages against him as part of the first phase trial.

Neither party has complied with the Court's Individual Practices which requires each party to state the number of trial days needed in the Joint Pre-Trial Order.  Individual Practices at ¶ 6(A)(iv).  But the parties have never wavered from their earlier assertion that the trial will take two to three days to complete.

The trial of this action will commence on June 16, 2025, at 10 am.  Letter motion (ECF 139) is DENIED

SO ORDERED.

Dated:  New York, New York
        March 27, 2025

P. Kevin Castel
United States District Judge

---

[1] For avoidance of doubt, the bifurcation in this action is authorized and ordered under Rules 16(c)(2)(M) and 42(b), Fed. R. Civ. P.

4