UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASTOR ADEN RUSFELDT,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF NEW YORK, NEW YORK and STEPHEN HUGHES, in his Individual and Official Capacity as Assistant Chief of the City of New York Police Department,<br><br>*Defendants.* | Case No.: 22-CV-594 (PKC)<br><br>JOINT RULE 26(a)(3) PRETRIAL ORDER<br><br>SO ORDERED.<br>Dated: 4/15/2025<br><br>*/s/ P. Kevin Castel*<br>P. Kevin Castel<br>United States District Judge |

Pursuant to Rule 26(a)(3) and The Honorable P. Kevin Castel's Individual Practices in Civil Cases, the parties hereby submit their proposed Joint Pretrial Order.

**I.    Trial Counsel**

**A.  Plaintiff**

Pastor Aden's counsel participating trial are listed below:

1. Josh Dixon
   CENTER FOR AMERICAN LIBERTY
   1311 S. Main Street, Suite 207
   Mount Airy, MD 21770
   (703) 687-6200 (rings to cell phone)

2. Eric Sell
   CENTER FOR AMERICAN LIBERTY
   1311 S. Main Street, Suite 207
   Mount Airy, MD 21770
   (703) 637-2019 (rings to cell phone)

3. Ron Coleman
   COLEMAN LAW FIRM, PC
   50 Park Place, Suite 1105
   Newark, NJ 07102
   (973) 264-9611

1

### B. Defendants

Defense counsel participating at trial are listed below:

1. Tobias E. Zimmerman
   New York City Law Department
   100 Church Street
   New York, N.Y. 10007
   (212) 356-2423
   tzimmerm@law.nyc.gov

2. Hannah V. Faddis
   New York City Law Department
   100 Church Street
   New York, N.Y. 10007
   (212) 356-2486 (O)/(646) 951-6307 (M)
   Hfaddis@law.nyc.gov

## II. Stipulated Facts

Lead counsel for the parties (Josh Dixon for Pastor Aden and Tobias Zimmerman for Defendants) certify that they have met face-to-face via Microsoft Teams for the purpose of endeavoring to reach agreement on stipulations of fact and stipulations of testimony and the content of their stipulations.

Pastor Aden has agreed to stipulate to the following: (1) Defendant Hughes is entitled to qualified immunity; (2) the order issued by NYPD Officer Pounds to Pastor Aden at the beginning of the third video segment, *see* Video Part 3 (ECF 99-8) at 0:01–15, was an "order to disperse" under N.Y.P.L.§ 240.20(6); and (3) Pastor Aden understood that "order to disperse" and refused to comply with it because he believed it violated his federal constitutional rights. To be clear, Pastor Aden does not stipulate that the "order to disperse" was lawful under the United States Constitution. To the contrary, he maintains that the "order to disperse"—like other actions of the NYPD—violated his federal constitutional rights. Instead, he stipulates only that the order at issue was an "order to disperse" under the text of § 240.20(6).

Defendants do not agree to any stipulations other than those identified above.

### III. Claims and Defenses To Be Tried

Pastor Aden and Defendants do not agree on the claims and defenses to be tried. The parties identify their positions below.

### A. <u>Plaintiff</u>

Pastor Aden maintains there are no triable issues and that judgment as a matter of law should be entered in his favor. Assuming trial goes forward on the terms set forth in the Court's Order denying the parties' cross motions for summary judgment (which Pastor Aden contends is erroneous), Pastor Aden believes the claims and defenses to be tried are as follows:

Claims To Be Tried:

1. Pastor Aden's claim against the City under 42 U.S.C. § 1983 for violation of the First Amendment's prohibition against a heckler's veto; and

2. Pastor Aden's claim against the City under § 1983 for violation of the Fourth Amendment.

Defenses To Be Tried:

1. Whether probable cause was the basis of the law-enforcement action against Pastor Aden; and

2. If so, whether the *Nieves* exception to probable cause is satisfied.

### B. **Defendant**

Claims To Be Tried:

1. Pastor Aden's claim under § 1983 for violation of the Fourth Amendment's prohibition on unreasonable seizure / false arrest; and

2. Pastor Aden's claim under 42 U.S.C. § 1983 for violation of the First Amendment;

Defenses To Be Tried:

1. The existence of probable cause to arrest;

2. Plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others was the proximate cause of any injury;

    3. Chief Hughes is entitled to qualified immunity;

    4. Plaintiff failed to mitigate his damages.

**IV.   Jury/Non-Jury**

Defendants have requested a jury trial, and the parties estimate the trial will take two days, exclusive of jury selection and deliberation.

**V.   Deposition Designations**

Plaintiff's Statement

Pastor Aden is not designating any prior sworn testimony for his case-in-chief, but he reserves the right to use any prior testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including, but not limited to, for impeachment purposes. Pastor Aden objects to the designation of deposition testimony of any witness expected to appear live at trial, as the reading of deposition testimony in addition to live testimony would be confusing and cumulative. Fed. R. Evid. 403.  Moreover, the deposition testimony of non-party witnesses is not admissible except for impeachment or in the event of unavailability. Pastor Aden objects to the use of deposition testimony of any witness not present at trial unless the party seeking to introduce such testimony has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence

Defendants' Statement

Defendants are not designating any prior sworn testimony for their case-in-chief, but reserve the right to use any prior testimony, in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including, but not limited to, for impeachment purposes. The Defendants object to the designation of deposition testimony of any witness expected to appear live at trial, as the reading of deposition testimony in addition to live testimony would be confusing and cumulative. Fed. R. Evid. 403.  Moreover, the deposition testimony of

non-party witnesses is not admissible except for impeachment or in the event of unavailability. Defendants object to the use of deposition testimony of any witness not present at trial unless the party seeking to introduce such testimony has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

VI. **Exhibit List**

A. **Plaintiff[1]**

Pastor Aden expects to offer the following exhibits at trial:

| | Exhibit Description | */**[2] | Objection |
|---|---|---|---|
| 1. | Parts 1, 2, and 3 of the video created by Mary Rusfeldt on June 27, 2021, previously filed by Plaintiff as exhibits to his Motion for Summary Judgment, and indicated on the docket at ECF Nos. 99-5, 99-7, and 99-8 | ** | F.R.E. 402, 403, and 802. Defendants have no objection to the extent the portion of this that is not hearsay is introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 2. | Portions of body-worn camera videos taken by various NYPD officers of the incident in question (DEF_000027 through DEF_000035) | * | F.R.E. 402, 403, and 802. Defendants have no objection to the extent the portion of this that is not hearsay is introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 3. | Worksheet: C-Summons, Summons No. 4444279267 (DEF_000001–2) | * | F.R.E. 402, 403, and 802. Defendants have no objection to the extent the portion of this that is not hearsay is introduced through a proper witness at an appropriate time and for a relevant purpose. |

---

[1] Pastor Aden reserves the right to use or offer any exhibit listed by Defendants.

[2] In accordance with the Court's Individual Rules of Practice, one star (*) indicates no objection to authenticity and (**) indicates no objection on any grounds.

|   | **Exhibit Description** | **\*/\*\***[2] | **Objection** |
|---|---|---|---|
| 4. | PBMS Mobile Field Force Protest Guidelines (DEF_000016-17) | * | Fed. R. Evid. 402, 403, 802. This document concerns NYPD/Municipal policy, which is not the subject of this trial and which has been deferred to Stage 2 of discovery and a subsequent trial on Municipal Liability if necessary. |
| 5. | Detail Request for the Reclaim Pride Coalition "Queer Liberation March" Sunday June 27, 2021, Confines of Patrol Borough Manhattan South (DEF_000020–30) | * | F.R.E. 402, 403, and 802. Defendants have no objection to the extent the portion of this that is not hearsay is introduced through a proper witness at an appropriate time and for a purpose relevant to Stage 1 of this case. |
| 6. | Detail Request for Pride Sunday, Covering 6th Precinct Foot Post, Pride Fest Street Fair, Washington Square and Union Square Park, Sunday June 27, 2021, Confines of Patrol Borough Manhattan South (DEF_000031–44) | * | F.R.E. 402, 403, and 802. Defendants have no objection to the extent the portion of this that is not hearsay is introduced through a proper witness at an appropriate time and for a purpose relevant to Stage 1 of this case. |
| 7. | Detail Request for Street Transvestite Action Revolutionaries (S.T.A.R.) Parade, Sunday June 27, 2021, Confines of Patrol Borough Manhattan South (DEF_000045–52) | * | F.R.E. 402, 403, and 802. Defendants have no objection to the extent the portion of this that is not hearsay is introduced through a proper witness at an appropriate time and for a purpose relevant to Stage 1 of this case. |
| 8. | Detail Request for Heritage of Pride Parade, Sunday June 27, 2021, Confines of Patrol Borough Manhattan South (DEF_000053–60) | * | F.R.E. 402, 403, and 802. Defendants have no objection to the extent the portion of this that is not hearsay is introduced through a proper witness at an appropriate time and for a purpose relevant to Stage 1 of this case. |
| 9. | Printouts from Key of David Christian Center website (https://www.keyofdavidcc.com) |  | F.R.E. 402, 403, 802, 901 and Fed. R. Civ. P. 26. |

Pastor Aden may offer the following exhibits if the need arises:

|   | **Exhibit Description** | **\*/\*\*** | **Objection** |
|---|---|---|---|

| # | Exhibit | | Objection |
|---|---|---|---|
| 10. | Short Message Report of CHAT – 02337 – 2021/06/2021 (DEF_000081–82) | * | F.R.E. 402, 403, and 802. Defendants have no objection to the extent the portion of this that is not hearsay is introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 11. | Email from Pastor Aden to various City officials (Plaintiff0002-13). | | F.R.E. 402, 403, and 802. Defendants object to this exhibit as prejudicial, confusing, and not relevant to the factual issues to be tried. The record shows that none of the officers on the scene received or read this email on or before June 27, 2021, |
| 12. | Transcript of Deposition of Stephen Hughes (impeachment only) | * | See Defendants' statement regarding deposition designations. |
| 13. | Transcript of Deposition of Stephen Hughes in In Re: New York City Policing During Summer 2020 Demonstrations, 20-cv-8924 (CM) (GWG) (impeachment only) | * | Fed. R. Evid. 402, 403.<br><br>Defendants object to this exhibit for two reasons: First, it is ambiguous as Defendant Hughes was deposed twice in the Protest Cases, once in his individual capacity and once as an organizational witness on behalf of the City of New York. Both transcripts were produced to Plaintiff in this litigation, and it is not clear which one he is intending to offer into evidence. Second, these transcripts would only be relevant to issues related to NYPD/Municipal policy, which is not the subject of this trial and which has been deferred to Stage 2 of discovery and a subsequent trial on Municipal Liability if necessary. These transcripts are also the subject of one of Defendants' motions *in limine*. |
| 14. | Transcript of Deposition Transcript of Nicholas Pounds (impeachment only) | * | See Defendants' statement regarding deposition designations. |

| | | | |
|---|---|---|---|
| 15. | Transcript of Deposition Transcript of Mark Turner (impeachment only) | * | See Defendants' statement regarding deposition designations. |
| 16. | Pastor Aden may also seek to use a demonstrative exhibit showing a map and/or aerial photograph of the relevant area where the events in the case occurred. | | F.R.E. 402 and 403. Defendants have no objection to a demonstrative exhibit that accurately portrays the area in question for a relevant purpose. |

B. **Defendants**[3]

Defendants expect to offer the following exhibits at trial:

| | Exhibit Description | */** | Objection |
|---|---|---|---|
| A. | Parts 1, 2, and 3 of the video created by Mary Rusfeldt on June 27, 2021, previously filed by Plaintiff as exhibits to his Motion for Summary Judgment, and indicated on the docket at ECF Nos. 99-5, 99-7, and 99-8; | * | F.R.E. 402, 403, and 802. Pastor Aden has no objection to the extent the portion of this that is not hearsay and that does not suggest the City's actions were authorized by the Law Department and is introduced through a proper witness at an appropriate time and for a relevant purpose. |
| B. | Portions of certain body-worn camera videos taken by various NYPD officers of the incident in question (DEF_000027 through DEF_000035); | * | F.R.E. 402, 403, and 802. Pastor Aden has no objection to the extent the portion of this that is not hearsay and that does not suggest the City's actions were authorized by the Law Department and is introduced through a proper witness at an appropriate time and for a relevant purpose. |
| C. | Declaration of Pastor Aden Rusfeldt in Support of Motion for Preliminary Injunction (Plantiff0014 to 21); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| D. | Declaration of Pastor Aden Rusfeldt in Reply to the City's Opposition to Motion for Preliminary Injunction (Plaintiff0022 to 24); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |

---

[3] Defendants reserve the right to use or offer any exhibit listed by the plaintiff and have not listed any impeachment or rebuttal exhibits, in accordance with the Court's Individual Rules of Practice.

8

|    | **Exhibit Description** | */** | **Objection** |
|----|-------------------------|------|---------------|
| E. | Worksheet: C-Summons, Summons No. 4444279267 (DEF_000001–2); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| F. | Complaint/Information to Rusfeldt, Aden for Disorderly Conduct – Hazardous Condition (DEF_000003); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| G. | Complaint/Information to Rusfeldt, Aden for Disorderly Conduct (DEF_000004); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| H. | NYPD Property Clerk Invoice No. 1001414132 (DEF_000007–8); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| I. | Criminal Court of the City of New York, County of New York Certificate of Disposition No. 45846 (DEF_000011); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| J. | Criminal Court of the City of New York, County of New York Certificate of Disposition No. 45847 (DEF_000012); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| K. | Detail Request for the Reclaim Pride Coalition "Queer Liberation March" Sunday June 27, 2021, Confines of Patrol Borough Manhattan South (DEF_000020–30); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| L. | Detail Request for Pride Sunday, Covering 6th Precinct Foot Post, Pride Fest Street Fair, Washington Square and Union Square Park, Sunday June 27, 2021, Confines of Patrol Borough Manhattan South (DEF_000031–44); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| M. | Detail Request for Street Transvestite Action Revolutionaries (S.T.A.R.) Parade, Sunday June 27, 2021, Confines of Patrol Borough Manhattan South (DEF_000045–52); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |

| | **Exhibit Description** | */** | **Objection** |
|---|---|---|---|
| N. | Detail Request for Heritage of Pride Parade, Sunday June 27, 2021, Confines of Patrol Borough Manhattan South (DEF_000053–60); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| O. | Short Message Report of CHAT – 02337 – 2021/06/2021 (DEF_000081–82); | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| P. | Amended Complaint (docket no. 83) filed March 3, 2023; | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| Q. | Video entitled "Why Confrontational Evangelism. . ." dated August 15, 2018 available at https://youtu.be/cZJrHFSjGY8?si=-NwJn3NB1qVWgHet; | * | F.R.E. 402 and 403. Pastor Aden has no objection to the use of this document for a relevant purpose. |
| R. | Defendants may also seek to use a demonstrative exhibit showing a map and/or aerial photograph of the relevant area where the events in the case occurred. | | F.R.E. 402 and 403. Pastor Aden has no objection to a demonstrative exhibit that accurately portrays the area in question for a relevant purpose. |

### VII. Damages and Relief Sought

#### A. Plaintiff

Pursuant to the Court's January 29, 2025 minute order, this trial is limited to whether an "underlying constitutional (or federal law) violation occurred." *See* Order denying Mot. to Continue Trial (ECF 123). As Pastor Aden understands that order, damages are not at issue at this trial. Thus, Pastor Aden seeks a finding by the jury that his federal constitutional rights were violated by the City.

#### B. Defendant

Defendants request judgment against Plaintiff on all claims asserted in the Amended Complaint and dismissal of this action with prejudice.

VIII. Witnesses

A. Plaintiff[4]

Pastor Aden expects to call the following witnesses at trial:

- Himself
- His wife, Mary Rusfeldt
- NYPD Assistant Chief Stephen Hughes
- NYPD Captain Mark Turner
- NYPD Officer Nicholas Pounds

B. Defendants[5]

Defendants expect to call the following witnesses at trial:

- Plaintiff Aden Rusfeldt;
- Mary Rusfeldt;
- Defendant Stephen Hughes;
- Mark Turner, NYPD Captain (ret.)
- Nicholas Pounds, NYPD Police Officer

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[4] Pastor Aden reserves the right to call any witness listed by Defendants and to amend this list for rebuttal or impeachment.

[5] Defendants reserve the right to call any witness listed by Plaintiff and to amend this list for rebuttal or impeachment.

Dated: March 21, 2025                                        Respectfully submitted,

*/s/ Josh Dixon*                                             **MURIEL GOODE-TRUFANT**
Josh Dixon (*Pro Hac Vice*)                                  CORPORATION COUNSEL OF THE CITY OF NEW
Eric A. Sell (*Pro Hac Vice*)                                   YORK
CENTER FOR AMERICAN LIBERTY                                  100 Church Street
1311 Main Street, Suite 207                                  New York, New York 10007
Mount Airy, MD 21770                                         (212) 356-2423

Ronald D. Coleman
COLEMAN LAW FIRM, P.C.                                       By:     */s/ Tobias E. Zimmerman*
50 Park Place, Suite 1105                                            Tobias E. Zimmerman
Newark, NJ 07102                                                     *Senior Counsel*
(973)-264-9611                                                       Special Federal Litigation Division

*Counsel for Plaintiff Pastor Aden Rusfeldt*                 *Attorney for Defendants City of New York &*
   *Hughes*

12