

April 24, 2025

> Plaintiff may file his motion by April 30, defendants shall respond by May 6, plaintiff may reply by May 9.
> SO ORDERED.
> 4/25/2025
>
> _____
> P. Kevin Castel
> United States District Judge

<u>VIA ECF</u>

Hon. P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
Courtroom 11D
500 Pearl Street
New York, NY 10007-1312

**Re: Pre-Motion Letter to Dismiss Defendant Hughes Under Rule 41(a)(2)**
***Rusfeldt v. City of New York, New York, et al.*, Case No. 22-cv-00594-PKC**

Dear Judge Castel,

    I am writing on behalf of Plaintiff Pastor Aden Rusfeldt ("Pastor Aden") regarding his forthcoming motion to dismiss Defendant Hughes from this lawsuit under Rule 41(a)(2) *with prejudice* and with each party—Pastor Aden and Defendant Hughes—to bear its own attorney's fees and costs. Defendants' counsel and I have been engaged in communications regarding this motion since this past weekend, and Defendants' counsel has authorized me to state that "Defendants oppose the motion to dismiss Chief Hughes at this juncture, but do not intend to put in a written opposition unless the Court requests one." The trial of this matter is set for June 16, 2025 at 10 a.m.

    As the Court is aware, Pastor Aden has stipulated that "Defendant Hughes is entitled to qualified immunity." Pretrial Order (ECF 141) at 2. Based on this stipulation, Pastor Aden believes that it is unnecessary and improper for Defendant Hughes to be a party at the upcoming trial. Moreover, Pastor Aden is concerned that trying the case with Defendant Hughes remaining as a defendant runs the risk of causing jury confusion. Among other things, with Defendant Hughes remaining as a defendant, the Verdict Form will necessarily have to delineate between Defendant Hughes and other NYPD officers. Pastor Aden is concerned that the jury might perceive that there is a scenario in which Defendant Hughes may have had an unlawful motive but because other officers primarily interacted with Pastor Aden, there was no constitutional violation (or, perhaps, vice versa). While carefully crafted jury charges could mitigate this risk, Pastor Aden does not want to take that chance, particularly considering there is no possibility of recovery against Defendant Hughes due to the stipulation.

    The Court should grant Pastor Aden's request to dismiss Defendant Hughes. After a defendant has filed an answer or motion for summary judgment, unless all parties consent, the defendant may only be dismissed upon a Court order under Rule 41(a)(2). *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); Fed. R. Civ. P. 41(a)(2). Courts evaluate a plaintiff's request for a Rule 41(a)(2)

1



dismissal differently depending on whether the dismissal is *without prejudice* or *with prejudice*. Specifically, the Court reviews requests for a Rule 41(a)(2) dismissal *without prejudice* under the five-part test set forth in *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir 1990). *See Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006); *see also New York v. De Blasio*, No. 24-1434, 2025 WL 857338, at *1 n.1 (2d Cir. Mar. 19, 2025). For Rule 41(a)(2) dismissals *with prejudice*, by contrast, the Court may only deny the request when the defendant shows it will suffer "plain legal prejudice" by the dismissal. *Camilli*, 436 F.3d at 123; *De Blasio*, 2025 WL 857338, at *1 n.1. "Plain legal prejudice" includes things like the loss of "a legal claim, a cause of action, or a contract right" or the "right to pursue a counterclaim." *De Blasio*, 2025 WL 857338, at *2.

The reason requests for dismissal *without prejudice* are subjected to a stricter standard than requests for dismissal *with prejudice* is obvious: a plaintiff whose claim is dismissed *without prejudice* may bring the suit again, whereas a dismissal *with prejudice* has "the effect of a final adjudication on the merits" favorable to the defendant. *Travco Ins. Co. v. Dinerman*, Nos. 23-86 and -163, 2023 WL 8710886, at *2 (2d Cir. Dec. 18, 2023) (cleaned up).

Here, Defendants make no effort to demonstrate the existence of "plain legal prejudice" that would result from Defendant Hughes being dismissed *with prejudice*, nor could they. For his part, Defendant Hughes will not be prejudiced. Indeed, he will be receiving a favorable adjudication on the merits. And as to Defendant City of New York, its rights will be unaffected. While Defendant City of New York might prefer Defendant Hughes remain in the case for strategic reasons, the loss of a perceived "tactical advantage" at trial does not rise to the level of "plain legal prejudice." *United States v. One 1990 Artic Cat Ext Snowmobile ID No. 9137046*, No. 92 CIV. 5196 (LMM), 1996 WL 132107, at *1 (S.D.N.Y. Mar. 22, 1996). Accordingly, the Court should enter an order dismissing Defendant Hughes *with prejudice*.

Moreover, the dismissal order should also provide that each party—Pastor Aden and Defendant Hughes—is to bear its own attorney's fees and costs. Courts have authority to award attorney's fees and costs to defendants dismissed *without prejudice*, but they have no such authority where the dismissal is *with prejudice* unless "there is independent statutory authority for such an award." *Colombrito v. Kelly*, 764 F.2d 122, 133–34 (2d Cir. 1985); *see also Hartz & Co., Inc. v. Italia, Inc.*, No. 97 Civ. 5657(R), 1998 WL 252047, at *2 (S.D.N.Y. May 19, 1998). While 42 U.S.C. § 1988 authorizes the Court to award defendants their attorney's fees in § 1983 litigation, the Court may only do so when "the plaintiff's claim was frivolous, unreasonable, or groundless." *Colombrito*, 764 F.2d at 128 (cleaned up). Here, Pastor Aden's claim against Defendant Hughes plainly was not "frivolous, unreasonable, or groundless." Indeed, that claim survived Defendant Hughes' motion for summary judgment. And while Rule 54(d)(1) allows the Court to award certain costs (other than attorney's fees) to the prevailing party in its discretion, no costs were incurred in this matter that would not have been incurred if Defendant Hughes had not been a party. In this situation, an award of costs is unwarranted. *Carter v. Inc. Vill. of Ocean Beach*, No. 07 CV 1215 SJF ETB, 2013 WL 816257, at *2 (E.D.N.Y. Mar. 4, 2013) (denying award of costs where parties "likely would have incurred substantially the same costs in defending" dismissed claim), *aff'd*, 759

2

CENTER FOR AMERICAN LIBERTY
1311 S. MAIN STREET, SUITE 207 | MT. AIRY, MD 21771 | (703) 687-6200
JDIXON@LIBERTYCENTER.ORG | WWW.LIBERTYCENTER.ORG



F.3d 159 (2d Cir. 2014). Accordingly, the dismissal should state that each party—Pastor Aden and Defendant Hughes—is to bear its own attorney's fees and costs.

Finally, Pastor Aden notes that he is not pursuing this motion for purposes of renewing his request for a continuance of the trial. While Pastor Aden maintains that holding trial now is prejudicial to him, that prejudice exists regardless of whether Defendant Hughes is a defendant. Thus, if the Court grants this motion, Pastor Aden will not use the dismissal as a basis to renew his motion for a continuance of the trial.

For the foregoing reasons, Pastor Aden respectfully requests that the Court enter an order under Rule 41(a)(2) dismissing Defendant Hughes *with prejudice* and with each party each party—Pastor Aden and Defendant Hughes—to bear its own attorney's fees and costs.

I thank the Court for the continued attention to this matter.

Respectfully,

Josh Dixon
*Director of Litigation*
Center for American Liberty

3