UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PASTOR ADEN RUSFELDT,

                Plaintiff,                22-cv-594 (PKC)

       -against-                ORDER

CITY OF NEW YORK, NEW YORK;
and STEPHEN HUGHES, in his Individual and
Official Capacity as Assistant Chief of the New
York City Police Department,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

      As set forth in prior decisions of this Court, plaintiff Rusfeldt brings claims arising from his interactions with and arrest by officers of the New York City Police Department ("NYPD") that occurred while he was holding up a large sign on a long pole reading "Fags and Whores Burn in Hell" at the June 27, 2021, PrideFest in Manhattan. His surviving claims include alleged violations of his First Amendment right to free speech and Fourth Amendment right to be free from an unreasonable seizure. A trial is set for June 17, 2025, on his claims against defendant Stephen Hughes and issues against the City of New York (the "City") that are potential predicates for a Monell claim. Insofar as the City is concerned, the June 17 trial will determine whether any person on the scene deprived Rusfeldt of a right protected by the Constitution.

      After the entry of the Final Pre-Trial Order in this action, plaintiff Rusfeldt moved to dismiss the claim against defendant Stephen Hughes with prejudice pursuant to Rule 41(a)(2),

1

Fed. R. Civ. P. (ECF 146.) Defendants Hughes and the City oppose the motion. On the unusual facts presented, the Court denies the motion.

DISCUSSION

Rule 41(a)(2) provides in pertinent part that, except in the limited circumstances where a voluntary dismissal is permitted under Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "In determining whether to grant a Rule 41(a)(2) motion, courts ask 'whether the defendant would suffer some plain legal prejudice from a dismissal . . . .'" New York v. De Blasio, 24-695, 2025 WL 857338, at *1 (2d Cir. Mar. 19, 2025) (summary order) (quoting Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006)).

Hughes argues that he is entitled to be a party to jury trial that will determine whether he deprived plaintiff of a right protected by the Constitution. While plaintiff has stipulated that Hughes is entitled to qualified immunity, that stipulation does not resolve whether he has violated the defendant's Constitutional rights but merely that he enjoys immunity even if he did so.

Hughes was first named in this action on March 20, 2023. (ECF 83.) He is a central figure in the interaction between Rusfeldt and the NYPD on June 27, 2021. Hughes allegedly gave orders to subordinate officers and directly ordered Rusfeldt to "take the sign down." (Id. at ¶ 36.) Hughes allegedly ordered plaintiff "to walk northeast on the sidewalk on Washington Square East and take a right (east) on the sidewalk on Washington Place and 'keep walking,' away from the Pride Festival." (Id. at ¶ 38.) Hughes is said to have told Rusfeldt that "[u]nfortunately, we are required by law to protect you." (Id. at ¶39.) Rusfeldt's Rule 56.1 statement in support of his motion for summary judgment cites to the actions or testimony of

2

Hughes over thirty times. (ECF 101.) Indeed, even after the filing of Rusfeldt's eleventh hour attempt to dismiss Hughes, Rusfeldt has filed a supplemental memorandum on an in limine motion that annexes testimony from only one witness, Hughes. (ECF 153-2.)

The plain legal prejudice to Hughes in granting a dismissal with prejudice is that the June 17 trial will decide whether he deprived plaintiff of a Constitutional right, yet a dismissal would deprive him of the legal authority to control and direct the contours of the defense. With a dismissal, he would lose the right to have direct input on the witnesses to be called, the lines of examination to be pursued, the legal and factual arguments to be raised and the stipulations to be reached. As a former employee of the NYPD and the City, he would have the legal status of bystander in a proceeding that will determine whether he violated the rights of another.

Contrary to Rusfeldt's contention, a denial of dismissal does not force Rusfeldt into a trial that he does not wish to have. He is very much eager to proceed against the City on a Monell claim and the June 17 trial is necessary to determine if there is a predicate for that claim. The jury would still be called upon to decide whether any officer of the NYPD, including Hughes, deprived Rusfeldt of a right protected by the First and Fourth Amendments. Neither Hughes's inclusion nor exclusion will materially affect the length of this trial expected to last less than a week. But dismissing Hughes would deprive him of his right to control the defense of the action that could adversely affect his professional reputation.

Rule 41(a)(2) contemplates that a Court may condition a dismissal "on terms that the court considers proper." The Court is prepared to dismiss the claim against Hughes with prejudice upon the condition that plaintiff agrees that Hughes did not deprive Rusfeldt of any right protected by the First or Fourth Amendments to the Constitution.

3

CONCLUSION

The motion to dismiss (ECF 146) is DENIED. The Court will decide at a later juncture whether the issue of punitive damages remains in the case.

SO ORDERED.

                                            P. Kevin Castel
                                     United States District Judge

Dated:     New York, New York
              May 15, 2025