

December 5, 2025

**VIA ECF**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
Courtroom 11D
500 Pearl Street
New York, NY 10007-1312

*Handwritten annotation:* Based upon the representations of counsel, the record of this action is deemed to include Exhibits A through J of the Letter Motion filed at ECF 180. Letter Motion at ECF 180 should be terminated.

SO ORDERED
/s/ [signature]
USDJ
12-9-25

Re: Pre-Motion Letter regarding Rule 10(e)(1) of the Federal Rules of Appellate Procedure
*Rusfeldt v. City of New York, New York, et al.*, Case No. 22-cv-00594-PKC

Dear Judge Castel,

On behalf of Plaintiff Pastor Aden Rusfeldt, I seek to file a motion under Rule 10(e)(1) to correct or modify the record to include the exhibits that were admitted into evidence at the trial of this matter but not filed with the clerk. **I have conferred with Defendants' counsel, who consents to the proposed correction or modification of the record**. Accordingly, no proposed briefing schedule is required. There are no conferences currently scheduled in this case.

By way of background, this case was tried to a jury on June 16–18, 2025. In accordance with Local Rule 39.1, the exhibits that were admitted into evidence at trial were not filed with the clerk but were instead retained by the parties.

The jury found for Defendants. On October 6, 2025, consistent with the jury verdict, the Court entered judgment for Defendants. ECF 172. On November 3, 2025, Plaintiff filed a notice of appeal. ECF 173.

The exhibits that were admitted into evidence at trial are relevant to Plaintiff's appeal. Accordingly, Plaintiff seeks to correct or modify the record to include those exhibits so that there is no dispute over their contents on appeal.

Federal Rule of Appellate Procedure 10(e)(1) states that "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." The purpose of this Rule "is to permit correction or modification of the record transmitted [from the District Court] to the Court of Appeals so that it adequately reflects what was considered by [the District Court]." *Agence France Presse v. Morel*, No. 10-CV-2730 AJN, 2015 WL 4154072, at *1 (S.D.N.Y. July 9, 2015) (citation omitted). In other words, "Rule 10(e) is meant to ensure that the record reflects

1

**CENTER FOR AMERICAN LIBERTY**
2145 14TH AVENUE, SUITE 8 | VERO BEACH, FL 32960 | (703) 687-6200
JDIXON@LIBERTYCENTER.ORG | WWW.LIBERTYCENTER.ORG



**CENTER FOR AMERICAN LIBERTY**

what really happened in the district court." *Gallo v. Mayo Clinic Health System-Franciscan Med. Ctr., Inc.*, 907 F.3d 961, 964–65 (7th Cir. 2018) (cleaned up). Accordingly, Rule 10(e)(1) is the proper means through which to place into the record exhibits that were admitted at trial but not filed with the clerk. *Ishikawa v. N.Y.C. Dep't of Cultural Affs.*, No. 91 CIV. 7269 (SWK), 1995 WL 753897, at *1 (S.D.N.Y. Dec. 19, 1995); *Dean v. Wexford Health Sources, Inc.*, No. 17-CV-3112, 2021 WL 12318037, at *1 (C.D. Ill. Jan. 8, 2021). And while appellate courts may also correct or modify the record under Rule 10(e)(2) of the Federal Rules of Appellate Procedure, the Second Circuit has advised that "parties generally should seek relief initially from the district court." *United States v. Zichettello*, 208 F.3d 72, 93 (2d Cir. 2000).

At trial, the Court admitted the following documents into evidence: Exhibits Dx-2, Dx-6, Dx-7, Dx-11, Dx-12, Dx-13, Dx-14, Px-D, and Px-K. Copies of those documents are attached hereto as Exhibits A through I, respectively. In addition, the Court admitted three videos of the subject incident into evidence as Exhibits Px-A1, Px-A2, and Px-A3. Exhibit J hereto notes that Plaintiff will mail to the clerk for filing a USB drive containing copies of these videos. The parties have conferred and agree that these exhibits were admitted into evidence at trial and, thus, should be made a part of the record for purposes of Plaintiff's appeal.

For the foregoing reasons, the Court should correct or modify the record to include the exhibits that were admitted into evidence at trial as set forth in the paragraph above.

Thank you for your continued attention to this matter.

Sincerely,

Josh Dixon
*Director of Litigation*
Center for American Liberty

Enclosures: Exhibits A-J

2